# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3192-17T2
                 A-3193-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

       Plaintiff-Respondent,

v.

A.A.W. and J.L.D.,

       Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF J.L.W.,

       a Minor.

_____

Submitted February 6, 2019 – Decided March 20, 2019

Before Judges Nugent, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0224-17.

Joseph E. Krakora, Public Defender, attorney for appellant A.A.W. (Christine Olexa Saginor, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant J.L.D. (Patricia A. Nichols, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Merav Lichtenstein, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Nancy P. Fratz, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Following a guardianship trial in which the Division of Child Protection and Permanency introduced 102 exhibits and undisputed expert testimony, and defendants produced a single exhibit and no testimony, the trial court concluded the Division had clearly and convincingly established it was in the best interest of the child, J.L.W., to terminate defendants' parental rights. On appeal, defendant J.L.D. raises the following arguments:

> THE TRIAL COURT'S OPINION FAILED TO SATISFY R. 1:7-4 AS IT DID NOT CONTAIN FINDINGS OF FACT OR CONCLUSIONS OF LAW CONSISTENT WITH EITHER THE TRIAL EVIDENCE OR THE RELEVANT STATUTORY AND CASE LAW IN ORDER TO JUSTIFY AN AWARD OF GUARDIANSHIP TO PLAINTIFF AND

2

BECAUSE THE TRIAL COURT ERRONEOUSLY TRIED TO FIT THE SQUARE PEG OF FAMILIES IN NEED OF SERVICES INTO THE ROUND HOLE OF BEST INTEREST OF THE CHILD GUARDIANSHIP.

The Rights and Interests of Families in Need of Services Are Not Properly Adjudicated in the Crucible of 4-Prong Best Interest Analysis.

Families in Need of Services Do Not Involve the History of Harm or Fault Required for the 1st Prong.

Families in Need of Services Are Not Required to Cure Family Needs as Under the 2nd Prong.

Families in Need of Services Are Entitled to More, and More Effective, Reasonable Efforts Than Required for the 3rd Prong.

Families in Need of Services, Without the Reasonable Efforts Contemplated Under that Statute, Are Impeded, by Plaintiff, From Achieving a Bond that Would Survive 4th Prong Analysis.

Defendant A.A.W. raises the following points:

POINT I

The Trial Court Erred In Holding That The Division Proved By Clear And Convincing Evidence That A.A.W. Ever Harmed His Daughter Or Subjected Her To A Substantial Risk Of Harm.

3

POINT II

The Trial Court Erred In Holding That The Division Proved By Clear And Convincing Evidence That A.A.W. Was Unwilling Or Unable To Eliminate Any Perceived Harm To His Daughter Because He Complied With All Services For Which There Was A Sufficient Basis.

A. The Trial Court Erred When It Considered Evidence Of The Division's Psychological Expert Opinion When That Expert Did Not Testify At Trial. This Amounts To A Denial Of Due Process.

POINT III

The Trial Court Erred In Holding That A.A.W. Was Provided With Services Reasonably Calculated To Assist Him In Reunification With His Daughter.

POINT IV

The Trial Court Erred In Holding That The Division Proved By Clear And Convincing Evidence That Termination Of A.A.W.'S Parental Rights Serves The Best Interests Of The Child Because The Division's Expert Formed His Opinion Based On An Incomplete Record Of A.A.W.'S Relationship With His Daughter.

We affirm, substantially for the reasons expressed by Judge Linda Lordi Cavanaugh in her thorough, thoughtful, and well-reasoned decision. Judge Cavanaugh carefully analyzed each of the four statutory criteria that codify the best interests standard, N.J.S.A. 30:4C-15.1(a)(1)-(4). The guardianship judgment she entered is based on findings of fact that are adequately supported

4

by the evidence, <u>Rule</u> 2:11-3(e)(1)(A), and her legal conclusions are sound. Defendants' arguments to the contrary are without sufficient merit to warrant further discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3192-17T2